IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| PAUL E. STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:13-cv-00063 |
| ) | Judge Sharp / Knowles |
| W.B. MELTON, and ) | |
| SHANNON HARVEY, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' Motion for Summary Judgment. Docket No. 25. In support of their Motion, Defendants have filed a supporting Memorandum of Law (Docket No. 26), the Declaration with Exhibits of Defendant Harvey (Docket Nos. 28 - 28-8), additional Exhibits filed under Seal (Docket No. 29 - 29-7), and a statement of undisputed facts (Docket No. 30).

Plaintiff has not responded to the instant Motion or Defendants' statement of undisputed facts, nor has Plaintiff filed his own statement of undisputed facts.

Plaintiff filed this pro se, in forma pauperis action alleging that Defendants violated his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Docket No. 1. The allegations of Plaintiff's Complaint, in their entirety, are as follows:

> Will not treat my medical needs for my neck that has ruptured disc.
> I have paperwork requesting U have surgery. They will not treat
> my foot or give me my medications. It has been crushed. They
> will not give me my blood pressure meds. They will not give me

> my prescription medicains [*sic*] doctor prescribed by doctors. My
> blood pressure meds are clodins prescribed by Dr. Winston Griner.
> My Anti Depression meds are Ampatrytaline prescribed by
> Winston Griner. My Nurotion prescribed by Dr. Jason Hubbard an
> [*sic*] my Ibuprofan from the Howell Allen Clinic both in Nashville.

*Id.*

Plaintiff sues Overton County Sheriff W.B. Melton and Overton County Jail Administrator Shannon Harvey in their individual and official capacities.[1] *Id.* Plaintiff seeks to be transferred to somewhere where he can receive medical treatment, to start receiving that medical treatment, and to be awarded punitive damages. *Id.*

Defendants filed the instant Motion and supporting materials on October 13, 2014, arguing that they are entitled to summary judgment because Plaintiff cannot establish either that he had a "sufficiently serious" medical need or that Defendants were deliberately indifferent to that need. Docket No. 26. Defendants contend, therefore, that Plaintiff cannot establish an underlying violation of the Eighth Amendment regarding his medical care. *Id.* In the alternative, Defendants assert that they are entitled to qualified immunity. *Id.* Defendants additionally argue that Plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), because he did not appeal the grievance he filed. *Id.*

For the reasons discussed below, the undersigned recommends that the instant Motion for Summary Judgment (Docket No. 25) be GRANTED.

---

[1] Although Plaintiff's Complaint indicates that he sues Defendants in both their individual and official capacities, Plaintiff issued summons to Defendants only in their individual capacities. *See* Docket No. 18.

## II. Facts[2]

On November 17, 2012, Plaintiff was arrested in Overton County, Tennessee for violation of his probation by failing to appear or obey orders fo the court. Docket No. 28, Affidavit of Shannon Harvey ("Def. Aff."), ¶ 3. Later that day, Plaintiff was booked into the Overton County Justice Center ("Jail"). *Id.* While being booked into the Jail, Plaintiff reported that he was under the care of a physician, but was not taking any prescription medications, and reported that he had high blood pressure, heart disease, and dentures, but had no medications with him. *Id.*, ¶ 4.

On November 21, 2012, a Medical Staff Receiving Screening Form ("Screening Form") was completed regarding Plaintiff. *Id.*, ¶ 5. During completion of that Screening Form, Plaintiff reported several medical conditions and medications. *Id.* Drug withdrawal protocols were begun, Plaintiff was monitored, and his vitals were taken. *Id.* No concerns regarding Plaintiff's blood pressure or any other issues were brought to Defendants' attention. *Id.*

After completion of that Screening Form, Jail Nurse Debbie Deck contacted Plaintiff's named physician to verify any prescriptions, but the physician's office notified Nurse Deck that Plaintiff was no longer a patient with their office. *Id.*, ¶ 6.

On November 27, 2012, Nurse Deck gave Plaintiff a full physical examination. *Id.*, ¶ 7. No issues of concern were brought to the attention of the Jail personnel. *Id.*

On December 3, 2012, Plaintiff's prescriptions were filled. *Id.*, ¶ 8. Plaintiff's prescriptions were brought to the Jail the following day and given to Nurse Deck. *Id.* Nurse Deck requested that the Jail physician, Dr. Deaver, review Plaintiff's chart and give any

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

medication orders. *Id.* Dr. Deaver called the pharmacy and learned that it was not Plaintiff's regular pharmacy. *Id.* Considering this fact, and given the contacted physician's earlier denial of being Plaintiff's current physician, Dr. Deaver ordered that no medication be given, but that Plaintiff's conditions, specifically his blood pressure, be monitored monthly. *Id.*

On December 8, 2012, Plaintiff filed a Medical Request seeking his medications. *Id.*, ¶ 9. On December 10, 2012, Plaintiff was notified of Dr. Deaver's orders. *Id.*

For the first time, on January 10, 2013, Plaintiff filed a Medical Request for treatment of his right leg, alleging that the problem was ongoing. *Id.*, ¶ 10. Nurse Deck saw Plaintiff on January 11, 2013. *Id.* Plaintiff reported a past neck injury and also reported that he had had an MRI in December 2011. *Id.* Nurse Deck referred Plaintiff to Dr. Deaver. On January 16, 2013, Dr. Deaver discussed the situation with Plaintiff and opined that the injury was not to the point of justifying surgery. *Id.*, ¶ 11.

On February 10, 2013, Plaintiff wrote an Inmate Request seeking to work as a Jail trustee. *Id.*, ¶ 12. Trustees primarily perform cleaning jobs within the Jail. *Id.* On the same date, Defendant Harvey received a telephone call from District Attorney Mark Gore notifying him that Plaintiff had sought a medical furlough from the court. *Id.*

Over the course of the next month, Plaintiff obtained several medical furlough dates from the court to seek treatment, which were forwarded to the Jail. *Id.*, ¶ 13. During the time that Plaintiff participated in the medical furloughs, Defendant Harvey was unaware of all of the appointments Plaintiff scheduled. *Id.* Upon discovering the locations of the appointments, Defendant Harvey called the locations and learned that Plaintiff had received prescription narcotics without reporting them to Jail personnel upon his return. *Id.* Defendant Harvey was

4

also informed that Plaintiff had actually swallowed balloons filled with narcotics. *Id.*, ¶ 14. Plaintiff, himself, informed Defendant Harvey that he had something in his rectum and in his abdomen, even after an x-ray was normal. *Id.*

On April 15, 2013, Judge Burns revoked and rescinded the medical furloughs previously given to Plaintiff, as well as the few remaining appointments he had scheduled. *Id.*, ¶ 15. At no time were Defendants informed of any serious medical need of Plaintiff. *Id.*

On May 23, 2013, Plaintiff requested to be transferred to a State facility. *Id.*, ¶ 16. He again wrote an Inmate Request asking to be transferred. *Id.* During this time, however, he was also sending requests for a job while in the Jail. *Id.* Dr. Deaver continued to report that Plaintiff's complaints were not consistent with his medical issues. *Id.*

On July 11, 2013, prior to filing the instant action, Plaintiff filed one grievance pertaining to his medical treatment and again seeking to be transferred. *Id.*, ¶ 17. Defendant Harvey responded to that grievance, advising Plaintiff that his transport order had been sent to the State. *Id.* The bottom of the grievance form contains an area in which inmates may appeal a response to a grievance within five days. *Id.* Plaintiff's grievance was not appealed. *Id.*

At no time during Plaintiff's incarceration was any additional medical treatment recommended for him. *Id.*, ¶ 18. Plaintiff was transferred to a State facility on September 10, 2013. *Id.*

### III. Analysis

#### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a

> response, memorandum, affidavits and other responsive material
> not later than fourteen (14) days after service of the motion, except,
> that in cases of a motion for summary judgment, that time shall be
> twenty-one (21) days after the service of the motion, unless
> otherwise ordered by the Court. Failure to file a timely response
> shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on October 13, 2014. Docket No. 25. Plaintiff has failed to respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the
> motion for summary judgment must respond to each fact set forth
> by the movant by either (i) agreeing that the fact is undisputed; (ii)
> agreeing that the fact is undisputed for the purpose of ruling on the
> motion for summary judgment only; or (iii) demonstrating that the
> fact is disputed. Each disputed fact must be supported by a citation
> to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's
> statement of material facts, or a non-moving party's statement of
> additional facts, within the time periods provided by these Rules
> shall indicate that the asserted facts are not disputed for the
> purposes of summary judgment.

Plaintiff has failed to respond to Defendants' statement of undisputed facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff

has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere

allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

### C.  42 U.S.C. § 1983

#### 1.  Generally

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct.

1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. Eighth Amendment

**a. Generally**

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

### b. Deliberate Indifference To Serious Medical Needs

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104.  This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105.  For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs."  974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993).  Under the Eighth

Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

### 3. Individual Capacity Claims

42 U.S.C. § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

In order for Defendants to be held liable in their individual capacities, Plaintiff must demonstrate that each Defendant personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations

11

omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

**C. The Case at Bar**

As discussed above, Plaintiff must establish that his medical needs were "sufficiently serious"; that Defendants were deliberately indifferent to his needs; and that Defendants personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. Plaintiff has failed to establish any of these requisites.

As an initial matter, Plaintiff's Complaint levies no allegations that either Defendant personally did, or did not do, anything. Absent such allegations, Plaintiff simply cannot establish that either Defendant personally condoned, encouraged, or participated in his alleged denial of medical care. Likewise, absent such allegations, Plaintiff cannot establish that Defendants were deliberately indifferent to any serious medical need. Moreover, it is undisputed that no concerns regarding Plaintiff's blood pressure or any other issues were brought to Defendants' attention, and that, and no time were Defendants informed of any serious medical need of Plaintiff. Accordingly, Plaintiff cannot sustain his claim, and Defendants are entitled to a judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment (Docket No. 25) be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge